FILED
2012 May-03 PM 02:43
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Willie Threatt, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 11-G-3470-S |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

The plaintiff, Willie Threatt, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security Benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f).  The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

2

    (4)    whether the claimant can perform her past work; and

    (5)    whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

## DISCUSSION

The court has carefully reviewed the record and finds that the decision of the ALJ must be reversed and remanded for further development of the record.  In the instant case, the ALJ, Todd Spangler, determined at step two the plaintiff did not have a severe impairment.  Therefore, he found the plaintiff was not disabled, and did not continue with the sequential analysis.  The Commissioner's regulations explain what constitutes a severe impairment at step two:  "If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled."  20 C.F.R. § 404.1520(c).  The regulations define a non-severe impairment as follows: "An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities."

20 C.F.R. § 404.1521(a).  Social Security Ruling 85-28 further clarifies the Commissioner's position on what constitutes a non-severe impairment at step two:

> An impairment or combination of impairments is found "not severe" and a finding of "not disabled" is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities).

In reviewing whether the ALJ's finding that the plaintiff did not suffer from a severe impairment is supported by substantial evidence, this court is required to ask whether a reasonable mind could find from the evidence that the plaintiff's impairments have only a minimal effect on his ability to perform basic work activities. Flynn v. Heckler, 768 F.2d 1273, 1275 (11th Cir. 1985).  Examples of basic work activities include "[r]esponding appropriately to supervision, co-workers and usual work situations...."  20 C.F.R. § 404.1521(b)(5).

In the present case, the plaintiff was sent by the Commissioner for a consultative psychological evaluation.  The diagnostic impression of the consultant, Dr. William B. Beidleman, Ph. D., was that the plaintiff has a "history of criminal justice contacts and appears to merit a diagnosis of anti-social personality disorder."  Record 198.  As a result of his Antisocial Personality Disorder, Dr. Beidleman opined that "[i]t is likely that [the plaintiff] would have difficulty responding appropriately to fellow employees and supervisors."  Record 198.

While the plaintiff's anti-social personality disorder might not be disabling, it certainly has more than a minimal impact on the plaintiff's ability to perform basic work activities.  In light of Dr. Beidleman's report, the ALJ's finding that the plaintiff's impairments did not have more than a minimal effect on his ability to perform basic work activities is not reasonable.  Accordingly, the ALJ's finding that the plaintiff was not disabled at step two was not supported by substantial evidence.  Therefore, the action will be remanded for further development and consideration under the remaining steps of the sequential evaluation process.

An appropriate order will be entered contemporaneously herewith.

DONE this 3 May 2012.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.